UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sylvester Hill,

                      Plaintiff,      Case No. 21-cv-10423

v.                                 Judith E. Levy
                                    United States District Judge

Ryan Morant, *et al.*,
                                    Mag. Judge Patricia T. Morris

                      Defendants.

_____/

**OPINION AND ORDER**
**DISMISSING PLAINTIFF'S COMPLAINT [1]**

## I. Background

Plaintiff Sylvester Hill, who is confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) Hill names as Defendants attorney Theodore J. Johnson[1] and various individuals affiliated with the Michigan

---

[1] Hill identifies Johnson as "Attorney at law for MDOC [Michigan Department of Corrections]." (ECF No. 1, PageID.2.) However, letters from Johnson addressed to Hill that were filed with the complaint indicate that Johnson is an attorney who met with Hill in preparation for Hill's parole revocation hearing. (*See id.* at PageID.9, 28–30.) In one letter, Johnson informed Hill that Johnson's "representation of [Hill] concludes with [Hill's] Parole Revocation Hearing." (*Id.* at PageID.30.)

Department of Corrections (MDOC): Parole Agent Ryan Morant, Agent Dana M. Bell, Supervisor Latrelle Pickens, Area Manager James B. Robertson, Supervisor Charles Page, and Parole Board Specialist Michelle Risley.[2] (*See id.* at PageID.1–2.) Hill sues Defendants in their official and individual capacities and seeks declaratory and monetary relief.[3] (*See id.* at PageID.1–2, 4, 6, 32–33.) Hill has been granted leave to proceed *in forma pauperis* or without prepayment of the fees and costs for this action. (ECF No. 5.)

## II. Legal Standard

Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss the complaint of a prisoner proceeding *in forma pauperis* if the Court determines that the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

---

[2] It is unclear from the complaint whether these individuals are employed by the MDOC. (*See* ECF No. 1, PageID.2.) Hill states that "[a]t all times mentioned in this complaint each defendant acted under the color of state law." (*Id.*; *see id.* at PageID.4.) In construing Hill's *pro se* complaint liberally, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court treats the Defendants (excluding Johnson) who appear to be affiliated with the MDOC as state actors under § 1983.

[3] Hill states that he seeks injunctive relief (*see* ECF No. 1, PageID.1, 32); however, he does not mention injunctive relief in the section of his complaint titled "Prayer for Relief" (*see id.* at PageID.32), and nowhere in his complaint does he elaborate on the type of injunctive relief he seeks.

2

monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a prisoner's complaint seeking redress against a government entity or a government entity's officers or employees that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "And a complaint fails to state a claim if it does not '"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."'" *McKinzie-Bey v. Robert*, No. 2:21-cv-12777, 2021 WL 5758895, at *2 (E.D. Mich. Dec. 3, 2021) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of the "short and plain statement" requirement is to "give the defendant fair notice of what the . . . claim is

3

and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citation omitted). This pleading standard does not require "detailed" factual allegations but does require more than the bare assertion of legal principles or conclusions. *Id.* at 555–56. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

"Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.

4

1999); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

### III. Discussion

Hill's complaint primarily challenges his 2019 parole revocation, which he alleges violated his rights under the First, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments and violated the Ex Post Facto, Equal Protection, and Due Process Clauses. (*See* ECF No. 1, PageID.3, 6, 8, 32.) Hill also alleges that the circumstances of his current confinement violate his rights under the First and Eighth Amendments. (*See id.* at PageID.6–7, 32.) In addition, Hill asserts state law claims of breach of contract and negligence. (*See id.* at PageID.3, 8.) Hill's claims are discussed below.

#### A. Parole Revocation Claims

As noted, Hill alleges in his § 1983 complaint that his parole revocation violated his rights under the First, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments and violated the Ex Post Facto,

Equal Protection, and Due Process Clauses. (*See id.* at PageID.3, 6, 8, 32.)

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see id.* at 489 (stating that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 [to challenge his conviction or sentence] unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"). This holds true regardless of the relief sought by the plaintiff. *See id.* at 487–89. Supreme Court precedent, including *Heck v. Humphrey*, *see id.*,

> indicate[s] that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

In this case, Hill's challenge to the parole revocation decision concerns the validity of his confinement. If the Court were to issue a

6

favorable ruling on Hill's claims related to the parole revocation decision, that ruling would necessarily imply the invalidity of the parole revocation decision and the additional time that Hill has spent in state custody. Therefore, Hill's claims regarding the parole revocation decision are not properly brought under § 1983 and must be dismissed. *See Heck*, 512 U.S. at 486–90.

A state prisoner may maintain a § 1983 action to assert procedural challenges where success in the action would not necessarily call for an immediate or speedier release from custody for the prisoner. *See Wilkinson*, 544 U.S. at 81 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). However, the factual allegations in Hill's complaint go to the propriety of the parole revocation decision itself, so ruling in his favor would necessarily demonstrate the invalidity of his incarceration. Hill's references to procedural shortcomings in the parole revocation fail to allege any specific deficiencies in the process. (*See* ECF No. 1, PageID.3–8.) As a result, Hill's allegations do not provide a basis for his § 1983 case to proceed.

Additionally, Hill's assertion that he did not consent to being placed on the MDOC electronic monitoring program (*see id.* at PageID.5) is

unrelated to the parole revocation proceedings. Hill's attempt to frame his lack of consent to the MDOC electronic monitoring program as a challenge to the parole revocation process—rather than the parole revocation decision—does not circumvent the *Heck* bar.

Further, Hill's claims asserting that the parole revocation violated his constitutional rights also fail because Hill provides no facts regarding the conduct underlying these alleged violations. Thus, the allegations in Hill's complaint are insufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal citation omitted). In a § 1983 case,

> "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S. Ct. 1937. Each defendant must be "personally involved" in the unconstitutional action. *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) (quoting *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010)).

*Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020).

Here, Hill does not state how each individual Defendant is "personally involved" in violating the Constitution, *id.*, so Hill's claims fail. Hill provides no details regarding the conduct of Morant, Bell, Pickens, Robertson, Page, or Risley that allegedly violated his

8

constitutional rights.[4]

In his complaint, Hill makes general references to the Defendants. For example, he states that the "above named defendants" violated his First Amendment rights (ECF No. 1, PageID.6) and that the "[a]bove named defendants" violated his due process rights. (*Id.* at PageID.7.) Hill states that "[a]ll of the named defendants knew about the conflict of interest and were deliberately indifferent to the fact that [his] 5th[,] 6th[,] 8th[,] 9th[,] and 14th Amendments to the Constitution and due process protections were being violated." (*Id.* at PageID.6.) With respect to the alleged violation of his rights under the Thirteenth Amendment, Hill does not mention the Defendants and merely states: "My 13th [A]mendment [sic] as well has been violated." (*Id.* at PageID.3.) These bare allegations do not satisfy Rule 8's pleading standard or the pleading requirements to bring a § 1983 case.

Moreover, Hill's Ninth Amendment claim lacks merit because this amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*,

---

[4] Hill's claims against Johnson, who is not a state actor subject to suit under § 1983, are discussed below.

9

926 F.2d 532, 537 (6th Cir. 1991) (concluding that the plaintiff's Ninth Amendment claim "holds no merit" because the amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law"); *see Cooper Butt ex rel Q.T.R. v. Barr*, 954 F.3d 901, 908 (6th Cir. 2020).

Therefore, Hill's parole revocation claims under the First, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments as well as under the Ex Post Facto, Equal Protection, and Due Process Clauses are dismissed.

### B. Conditions of Confinement Claims

Hill asserts claims under the First and Eighth Amendments related to the conditions of his confinement. (*See* ECF No. 1, PageID.6–7, 32.) He alleges that his confinement violates the First Amendment because restrictions imposed to curtail the spread of COVID-19 within the prison restrict his right to free speech and to exercise his religion. (*See id.* at PageID.6.) Hill states that the "named defendants are responsible for" violating his First Amendment rights. (*Id.*) He does not name a particular Defendant or elaborate on how a Defendant's conduct violated his rights under the First Amendment.

10

Hill alleges that his Eighth Amendment rights were violated because his placement in a COVID-19 unit resulted in him contracting COVID-19. (*See id.* at PageID.6–7.) Hill does not allege that a specific Defendant placed him in the COVID-19 unit or was involved in placing him in that unit. (*See id.* at PageID.7.) Hill states that he would not have been infected with COVID-19—or would have been able to get a COVID-19 vaccine and proper medical care—if the "above named defendants" had not been negligent or "deliberately indifferent to the Constitutions [sic] and due process violations." (*Id.*) Hill states that he "ha[s] been suffering for 18-plus months due to the above named defendants violating [his] Godgiving [sic] Rights" and that he has been "mentally frustrated" due to the loss of family members and "lost opportunities" while incarcerated.[5] (*Id.*) In making these allegations, Hill does not provide any details regarding the challenged conduct of each Defendant.

Hill's claims under the First and Eighth Amendments regarding

---

[5] In addition, Hill states that the "above named defendants" violated his First Amendment rights "by pushing 'conflict of interest paperwork' to send [him] back to prison." (ECF No 1, PageID.6.) Hill also alleges that his confinement violates his Eighth Amendment right to be free from excessive fines or bail and cruel and unusual punishment. (*See id.* at PageID.6–7, 32.) These claims challenge the fact of his confinement and are therefore barred by *Heck*.

11

the conditions of his confinement fail. These claims are subject to dismissal because Hill again fails to plead that each Defendant violated the Constitution through his or her own individual actions, *see Pineda*, 977 F.3d at 490, and because Hill fails to allege sufficient facts to show that each Defendant is personally liable. *See Eiland v. Warden, London Corr. Inst.*, No. 2:12-cv-00453, 2012 WL 4051844, at *3 (S.D. Ohio May 31, 2012) (recommending dismissal of a complaint filed by a prisoner proceeding *pro se* and *in forma pauperis* for failure to state a claim partly because "even assuming that the conduct in question is adequately grounds for a conditions of confinement claim, Plaintiff fails to allege sufficient facts suggesting that Defendant . . . is personally liable"), *report and recommendation adopted*, No. 2:12-cv-00453, 2012 WL 4051829 (S.D. Ohio Sept. 13, 2012).

Therefore, Hill's claims under the First and Eighth Amendments regarding the conditions of his confinement are dismissed.

### C. Claims Against Attorney Theodore J. Johnson

Hill's claims against attorney Johnson must also be dismissed. Appointed and retained attorneys performing traditional functions as defense counsel do not act "'under color of state law' within the meaning

of § 1983" and are therefore not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 324–25 (1981) (footnote omitted); *see Elrod v. Mich. Sup. Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001). "[P]rivate citizens acting in concert with state officials may be subject to § 1983 liability." *Elrod*, 104 F. App'x at 508 (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)). In this case, however, Hill fails to allege facts upon which a conspiracy between a private citizen and a state official could be based. *See id.* (concluding that the district court properly granted a criminal defense attorney's dispositive motion because the attorney was "not a state actor subject to liability under § 1983" and the plaintiff "offered no factual support . . . upon which a conspiracy [between private citizens and state officials] could be based").

Therefore, Hill's claims against Johnson are dismissed.

### D. State Law Claims

Finally, Hill alleges that the revocation of his parole amounted to a breach of contract (*see* ECF No. 1, PageID.3) and that the "named defendants are [n]egligen[t]." (*Id.* at PageID.8.) These are state law claims that are not cognizable under § 1983. "When all federal claims are

13

dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (internal citations omitted). Here, the Court has dismissed Hill's federal claims. The Court declines to exercise supplemental jurisdiction over his state law claims.

Therefore, Hill's state law claims are dismissed.

## IV. Conclusion

For the reasons set forth above, Hill's complaint is DISMISSED. The dismissal is with prejudice, except that the state law claims are dismissed without prejudice.

If Hill elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: February 28, 2022        s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2022.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager